may please the court. I'm here today representing the appellant Mr. Josh Brewington who was involved in an incident in 2014 in which he was a passenger in a car he was that was pulled over he was seated on the ground and cooperating handcuffed several minutes after the stop an officer showed up kicked him directly in the face without provocation without him litigation at the end of a deposition session the officer in question who did the kicking Ben Keener uttered and went into detail the fact that he had been in a department that had been taught to rough up or dissuade people physically from running from the police he said this came from the top specifically from the sheriff Steve Jeffrey I was then able to find two other individuals who had personally witnessed Steve Jeffrey himself personally rough up a suspect ultimately the trial court decided to grant partial summary judgment and released both officer Keener and sheriff Jeffrey in their official capacities we believe that this was an error for a variety of cases involving summary judgment most importantly I would cite toll and be cotton why was it incorrect if sued in their official capacities and in that event you're essentially suing the governmental entity and not the individuals it would have been erroneous judge Smith due to the fact that well and and pervasive in all of this your honors is going to be the idea that through this admission and through the subsequent corroboration sheriff Jeffrey as a policy head or a department head spoke with the authority of that department and this is this can be found in some of our other cases that were that were cited by both sides including where an executive action implicate substantive due process violation and now that would require that the the that it shocked the conscience but I would argue your honor that that any directive from a county sheriff that says we're going to physically hurt you what about the statement by Keener which is in essence an admission that he kicked Brewington out of anger not that he was judgment that's that's that I understand the question earlier in the deposition Mr. Keener did say I was angry his attitude entire deposition was hostile towards the end and it was not even to my question I would have called the floodgates opened and he began to vent in what I believe was a much more sincere manner which would have been an issue for the for the jury to hear and decide who was to you know in which which did he do and the fact that he was angry doesn't necessarily negate the fact that he had been taught it was okay to rough these people up and that was how he was going to express his anger that day the video your honor is very powerful and with four fellow deputies sitting around watching him do this not a single Independence County officer makes a move to stop you so this does he acknowledge what the official policy was which he did this kind of conduct he absolutely was taught differently yes or he acknowledges that there's an excessive force policy in place in in Penance County as would we I'm is on a piece of paper but however when you've got your department head giving other direction that is specific to roughing these people up to what's the what's the admissible proof of a policy contrary to the written one I would say for one the admissible proof would be Keener statement even though it came from Sergeant Kirk green I do not believe that's hearsay for a variety of reasons from for one the hearsay exception of intent to there is a line of cases that demonstrate that if you're talking about police action or an act it does not qualify as hearsay an example might be an oral contract we accept those all the time it's the same it's the same type of statement here how else would we learn or house would he learn other than to be told by his superiors if I may continue along I would also argue that along with give reasonable inferences to the non-moving party I would also cite this than that which came from the Supreme Court I would cite this court SIP top decision in which the court said that the trial court should not weigh credibility in this case we had statements from Mr. Keener and then to corroborating officers who personally witnessed Sheriff Jeffrey do this we also had a video to me that alone and in and of itself provides enough of a enough of a method that the jury should have been allowed to hear this as is also noted in the in in at least Jeff Sims affidavit the sheriff had a terrible temper which which was well known and there is no telling how he would have come across on the stand and how a jury might have decide who the jury might have decided to believe are you I don't I'm lost whether you're arguing official or or personal individual capacity now your honor I think I can I think I'm still arguing both to be honest with you we've got we've got a department head who is promulgating this decision based on his own that we're going to punish people without due process by kicking them or somehow physically dissuading them at the same time he also is doing this himself personally an individual he's not there he's not there your honor but is this some kind of county the Brown decision on the decision maker theory of personal liability well I don't see where you're it would fit Brown it would fit in that the moving force I would argue in this case was in fact his his allowance of these officers to do with this what's your what's your best case on a for personal liability of the of the official not involved in the act in question but response but to you can attribute the failure to train or supervise I'm sorry your honor well I most of the failure to train and supervise cases are our official our official liability our Monell liability yes sir but you're now you're pressing for the sheriff being personally liable even though he had nothing to do with the events of issue because somehow he was at the at the top of the heap for training and supervising and I'm saying what's your best case for personal liability your honor I guess I guess then that I've misargued I'm I'm mainly pointing out that the county as as a department head of this of the sheriff's department the county should have remained liable he should have remained liable as his in his official capacity okay so you're not arguing individual as to the sheriff obviously as to as to the shooter that's different yes sir yes or not and as to Keener we have for the officers watching at the scene could conceivably have been maybe they were initially sued but okay yes your honor so who's the policymaker under your argument the sheriff or the county the sheriff would be that would be the official policymaker of the sheriff's department which is in that contrary to Arkansas law that makes legislative entities like City Council's policy makers and not the sheriff no your honor I do not believe so we've got we've got Arkansas code annotated 14 14 1301 14 15 501 and 12 41 503 which all which all put the sheriff as a policymaker if I may keep going the I would encourage your honors to consider the fact that we we believe there was there was a substantive evidence and enough evidence to get to a jury that that this that Sheriff Jeffrey was in fact in that this was almost a all but a written policy under his department that said if you get into the policy versus custom definitions as outlined in shroom so who was who was going to back that up beside Keener besides Keener you had investigator Jeff Sims and investigator Bobby Moser who were both previously a few years past been on a scene where an individual who ran had been had been detained they already had him under in custody sheriff shows up beats him up that would have also indicated directly that this sheriff how he treated someone who ran additionally you have the video itself which again I think speaks volumes your honor to the fact that there are four Independence County Sheriff's deputies standing immediately around mr. Brewington when he is kicked while handcuffed a state trooper from far off from the edge of the fringe comes into the middle grabs Keener pulls him out none of the sheriff's deputies made a move which indicates villain what was the time elapsed from the time from the time he kicked your honor it probably would have been five to ten seconds before Jeremy or trooper Hughes had him completely removed from the scenario but I mean how fast how how many seconds from the time that it did take Keener did it was one kick right one it was one kick and then can have its kick it was one savage kick and then Keener continued the assault begins moving over-the-top of mr. Brewington still no one is moving if trooper Hughes had not been there to go for five to ten seconds nobody moved well the trooper Hughes I'm talking about when I say five ten seconds I mean for trooper Hughes had drug him out this would have been this would have been a matter of a few seconds your honor but I assure you if a citizen in this in Arkansas had been kicked seated by an individual for no reason and four officers were standing near him it would have there his detainment the person who kicked that is would have been detained very quickly and all those officers would have been jumping over each other to grab him in this case none of them even appeared that surprised and that to me is was as telling as anything in this which also went to my original point when I started this case that these officers had no at least at the very least improper training as as to how to handle an excessive force basically if it's happening right in front of you what do you do when a fellow officer begins to act excessively which is why I questioned sheriff Jeffrey about the foreseeability that what his one of his officers would act like this which is part of the record I believe around 119 that said when you look at the inadequate when you look at the history of this case law and the qualified immunity you see that you see that there's all kinds of analysis that come down that did you know in Southside we had taken him like most favorable to the party starting injury to factual and officers conduct violated constitutional rights yes was the right clearly established yes we can get into any one of these qualified immunity definitions custom births policy they all though contained to some degree some sort of safeguard in that if if if the department head is doing this because there's never been a case it's difficult to say but they all basically say as long as it's not intentional if it's intentional I think that I think all bets are off and I think we had a case here that could evidence a department head who was after who was out enforcing an unconstitutional unwritten policy by having the that changes everything but even if not you still get into the fact that the there there were there there are situations taking place that are evidenced on the run L case in which this in this intention intentionally enforcing unconstitutional policy makes a different made a difference your honor I'm apologize I'm on now the main thing I gleaned from that was the responding out superior theory that did not obviously that it was not one that you applied to sit well this is I mean this is you you're arguing the exception to monel non liability which requires a policy that that that is responsible for unconstitutional acts by subordinates and you're saying well this case is different because this sheriff intentionally adopted an unconstitutional policy which was then I I gather you would say approximately caused what Keener did yes sir so what what what what what case is analogous I'm not I'm not aware of any case that's analogous to your your focus on the sheriff's intent in adopting the policy I'm not either your honor I believe my opponent pointed out in a brief that he didn't have anything there was no there was nothing out there where department had literally put in something so unconstitutional like this and I did not find one myself I mean in terms of the most the closest draw to my case or at least the summary judgment that that is the biggest obstacle to to continue mr. brewer's fight for justice here I would go back to total on in that you know we in that case there was there was some evidence that was contradicted or that was contradictive of what had been spoken and the evidence they're talking about was so much less serious than what we're talking about they were talking about a dimly lit room and exact statements that mr. that that that were made at the time this this individual's mother is maybe being assaulted by an officer here we have direct statements that this is what he told me and that these are and that this is why I saw an off I saw my sheriff rough this guy up all of that are issues of intent motive this is not that this should this deserves a chance to be heard by the trier of fact and and when you look at the order in this case that evidence was not even considered it was found that the sheriff received notice of a patent did not receive notice of a pattern of unconstitutional acts and or that he was deliberately indifferent to know we strongly have just a little less than a minute left you wish to reserve anything yes sir I'd like to reserve that mr. Owens may it please the court my name is Jason Owens I represent Independence County and its former Independence County Arkansas and its former sheriff Steve Jeffrey in this case the appellant seeks to impose liability both against the county and against former sheriff Jeffrey essentially as an exception to Monell Monell of course famously held that in reversing previous cases that that counties and cities local governments inferior to state government were persons under section 1983 but in so holding said that they they had to be personally liable as a as a legal legally fixed fictitious person and couldn't be vicariously liable no respondeat superior liability in the 40 years since Monell exceptions have arisen to that but it's certainly our position that the appellants haven't begun to establish any any of those exceptions essentially as I understand the appellants argument on municipal liability they're trying to make some sort of single-act policymaker argument I think that that attempt was best discussed in Board of County Commissioners versus Brown where the Supreme Court said that it was real important not to blur the line of distinction between those single-act policymaker cases and the normal custom cases where proof has to show that a pervasive well-settled custom was in place that had the effect of law and so it cited why wouldn't the plaintiff be able to bring forth these other officers who testified of the sheriff's unofficial policy even a contrary to the written policy why wouldn't it be possible to introduce that evidence to show that the sheriff really was enforcing a policy that was unconstitutional well so I would have a couple of responses to that first these these two officers Mosier and I'm sorry I'm not recalling the other name but these two officers said that on a single occasion years prior to this event they had pursued a suspect who crashed his vehicle fled on foot they had to tackle him subdue him physically and that when the sheriff showed up on the scene he grabbed him by the collar that was the testimony grabbed him by the collar and said something to the effect of I'm gonna skip you across the lake or importantly I think critically there was no evidence in the record that that event was made known to Mr. Mr. Keener the deputy who committed the offense in this case in any way no evidence that he knew about that at all and so when you get to could this would this have been the moving force behind his violation of suspects rights it couldn't possibly be because there's no evidence that he knew about it there's also the problem of the deliberate choice of conduct so the the municipal liability cases talk about deliberate choices that that policies and customs have to be the result of deliberative process and so in Pembower and Owen versus independence and Newport fact concerts you've got legislative bodies making decisions that they vote on in Newport fact concerts for example it was a decision to revoke a permit to hold a concert Pembower would be the closest to this where a prosecutor ordered his deputies to go and serve capious warrants in a manner that was alleged to be unlawful but Board of County Commissioners versus Brown distinguishes those cases and says that that those cases have to do with rules that are not generally applicable to the workforce single-issue cases so again in Newport fact concerts it was revoking a permit in a single instance it wouldn't have applied to anyone else Oh the Board of County Commissioners versus Brown was a case where an inadequate screening during the employment process was alleged and in that case they said well there you've got to prove custom and you've also got to prove this difficult what they called a rigorous causation standard it's rigorous indeed Monell and his progeny have repeatedly referred to the causation requirement as it must be shown that it was the moving force not a motivating factor or a proximate cause but the moving force I would submit that is an impossible showing where the offender has been convicted of battery and the reason for that is there's a mens rea there there's a bad mental state that the the courts of the state of Arkansas have said that he possessed and that's what animated his conduct not any alleged unwritten policy I think heck versus Humphrey speaks very strongly to the deference that has to be given to those kinds of criminal convictions in the race to the kind of collateral estoppel sense that this this court cannot do anything that would impugn the validity of that criminal conviction it also goes to show the the criminal conviction not to mention the termination immediate termination from employment also goes to show that this wasn't the customer policy also be interpreted as covering our sins well except you're you're kind of in a darn if you do darn if you don't situation because if you don't then you're held liable for ratification and acquiescence but Keener's testimony himself is it so unbelievable that no jury could reasonably accept it as evidence of this unconstitutional directive from on high yes your honor for several reasons first of all this court is held that it's incredible as a matter of law in a series of cases where it said one cannot avoid summary judgment by contradicting one's own previous sworn testimony he was asked specifically did your conduct in this case violate the county's policy he said yes when he was asked why did you do it he didn't say some custom or policy or unwritten rule or platitude from on high he said I was angry he talked about how this guy flipped in the bird in the Walmart parking lot before this low-speed pursuit began which he tailed and then committed his act the problem with all this municipal liability discussion here is the appellant is trying to achieve the result of holding a municipal entity liable on the basis of a sheriff allegedly grabbing somebody's collar an unidentified person years ago no ability to cross-examine anybody about any of that because we don't know who it was or when it happened or anything else that the evidence dictates was not made known to this assailant the written policy that was in effect was promulgated by who was promulgated by the sheriff by Sheriff Jeffrey this statement that they allege from his sergeant a couple of important things are number one I absolutely believe it's hearsay they argue that it's a verbal act but a verbal act is only hearsay exception where the truth of the matter asserted is irrelevant the truth of the matter asserted in this verbal statement is absolutely critical their case it's it is their case the truth of the matter asserted and as such is hearsay in fact it's hearsay within hearsay because he's saying his sergeant told him what and this is really important to what the chief deputy told him so if you read the testimony carefully he says that this statement was made to him before Jeffrey was elected sheriff at the time of these statements were allegedly made he was the chief deputy he was second in command certainly second in command cannot be a policymaker under any analysis and and I think that's a critical fact I would also say holding a municipal entity liable for the intentional criminal act of one of its employees would even supersede vicarious liability so municipalities aren't held liable for under respondeat superior or simply based on the employment decision but even if they were they wouldn't be liable here because a long line of cases says vicarious liability doesn't apply where it's superseded by an intentional criminal act there's also the problem of preventing crime this court has a long line of cases that says police departments don't have a duty to protect members of the public generally only in certain circumstances mostly custodial relationships well it's because it's impossible there's no way to predict or prevent crime if we impose duty on the police to stop every crime it would be an impossible duty and it's an impossible duty here if there are five police officers detaining someone and and and one of them decides to punch him I'm speaking to the crime of the officer here the battery on the suspect whether it's criminal or not it's the use of excess force and in the in against the detainee in custody well but holding a protected person under the case law you're talking about a protected person but the standard is deliberate indifference the standard is did we know that this person presented a risk there's there's no evidence in this record of this of this deputy ever using force against anybody excessive or otherwise before this event I don't know where you're going you're you're well most of the deliberate indifference you're mixing up all kinds of theories here now most of the deliberate indifference cases are you should have known differences to Keener right that or deliberate indifference as to the adoption of a policy well my understanding was they're making a deliberate indifference claim against the sheriff individually he should have somehow thought this morning that the council said no that's not what we're talking about all right I don't know I don't know the record I was asking in innocence and I thought I got an answer that we don't have to worry about individual liability of Sheriff Jeffrey well as far as I'm concerned that was a binding concession the the any failure to train claim I was served also fails under this court's cases parish versus ball and the Andrews versus Fowler case which was discussed in parish both of those cases involved the sexual assault of of suspects and essentially the court said it's only so far you have to go in training it should be understood that sexually assaulting someone which is against the law is is violative the same holds true here and certainly readily understood kicking restrained suspect sitting on the ground on his behind in the face well we have the written policy and we have the alleged oral policy you're making you're making an argument as though there wasn't a written policy but the county shouldn't be liable for that there was a written policy it said don't do this that's right all right that's right so that's not this year you're arguing cases that this isn't that well that's that's their assertion to do with those cases where there's no policy and the question is whether there should have been one yes sure there was a good written policy and it's alleged not to have been the in fact policy that's um that's correct and i would again cite cite to board of county commissioners versus brown which i think discusses those issues better than any that i've read especially making the distinction between these single act cases which apply in cases where it's not a generally applicable rule it's it's a it's a time you must show this custom you must show so pervasive uh and well settled it had the effect of law you know the the appellant has said um without ever pleading they never sued any of these other officers that were present at the scene never never pleaded any kind of failure to intervene claim against those officers but but they repeatedly said it's really good evidence for them that these officers didn't intervene more quickly than they did and i think it was just moments if if that he didn't get off a second kick or strike or anything else but equally telling if not more so is the fact that none of these other officers did what uh mr keener did if that was the custom and it was so pervasive and well settled that he it had the effect of law surely the first three to four officers on the scene would have engaged in that kind of it's not what we see anywhere the only other evidence of that was keener's testimony that at some point between 2009 and 2014 an unidentified suspect had his handcuffs twisted a little that's the quotation from his testimony as they were walking back to the car after a high-speed pursuit and they want to hold a municipality liable for every subsequent intentional battery committed by any of their employees that's simply not the law that's simply not the law of municipal liability it would hold the county to some kind of super vicarious liability and the court should respectfully reject the argument thank you mr owens thank you mr arnold i believe you have a little less than a minute we'll give you the full minute to uh make your rebuttal very briefly uh when he cited heck as to the criminal uh deal i heck is a is a smoke screen that had to do with a malicious prosecution and yes you would have had to have overturned the jail sentence i feel like in that in that here you can have a goon that works for someone else that someone else is telling them what to do and if they kick someone it's not like they don't go to jail if they if they perform that act dr keener's self-contradiction i mean the argument is he admits that he admitted that he had violated the official policy is that true he he admits that there was a policy in place that he violated absolutely the he admits he violated the written policy and the other side of that coin is that he followed the unofficial policy that he was told to follow i guess and that would be your argument to the jury that it would it would your honor and and i'm not necessarily saying that he was told to do this in every instance and as to his point where they didn't all jump on this immediately when they pulled him over i believe this it wasn't an every time instance and i believe it would have been on a very limited basis when they knew they could get away with it this was a situation where he simply uh was angry and went ahead and took advantage of what he thought would be acceptable conduct which was unconstitutional thank you mr arnold court wishes thank both counsel for your